## HARRY PINKTSON v. THE STATE.

### No. 6968.   Decided May 10, 1922.

**1.—Murder—Evidence—Res Gestae—Declaration of Defendant.**

On trial for murder, there was no error in introducing in evidence the acts and declarations of the parties, including the defendant, which took place a few moments antecedent to the homicide.   Following Stanley v. State, 44 S. W. Rep., 519, and other cases.

**2.—Same—Evidence—Flight—Res Gestae.**

On trial of murder there was no error in admitting testimony that after the homicide the parties, including defendant, fled.   Besides, the same was res gestae.

**3.—Same—Continuance—Want of Diligence—Affidavit.**

Where the application for continuance showed a want of diligence there was no error in overruling same, the motion for new trial not being supported by affidavit, there was no error in overruling same.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

McLean, Scott & McLean, and Sam. R. Sayers, for appellant.

R. G. Storey, Assistant Attorney General, and Jesse M. Brown, District Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment condemning appellant to confinement in the penitentiary for a period of twenty-five years of the offense of murder.

The acts and declarations of the appellant and his three companions at the time of the tragedy, as well as immediately antecedent and subsequent thereto, were described by eyewitnesses.   From this testimony, it appears directly that about fifteen minutes before the fatal shots were fired, the appellant and his companions were making inquiry for the deceased, and circumstantially it appears that they were searching for him, and that after locating him, each being armed with a pistol, they attacked him and shot him to death.

Four bills of exceptions are found in the record.   In one of them complaint is made of the receipt in evidence of the declarations of appellant and those of his companions made in his presence a few moments antecedent to the homicide.   One of these bills is directed

against the receipt of evidence that the appellant and his brother and two other persons who took part in the homicide were seen together a few moments before the homicide. Another is directed against a part of the conversation which took place between them and the witness Irwin. In this conversation, the appellant asked the witness: "What was I talking about the crowd?" whereupon appellant's brother drew his pistol, and the witness said: "I beg your pardon." Appellant then told his brother to come on.

In another bill the objection is addressed to the receipt of evidence that the appellant, in company with his companions mentioned, inquired of another person in the presence of the witness Irwin of the whereabouts of the deceased. All of these matters took place a few moments antecedent to the homicide. Following them the appellant and his companions rushed into the alley as the deceased was about to come out of it and fired a number of shots, two of which took effect resulting in the death of the deceased.

As we understand the record, at the time the matters complained of took place, the appellant and his companions were acting together in their preparation to kill the deceased. Apparently, the pistol exhibited by the brother of the appellant was used in committing the homicide, all of the parties acting together with a common purpose. We are aware of no principle of evidence requiring the exclusion of the testimony.

"Declarations of the accused previous to the homicide are relevant to the issue where they tend to explain his conduct, or they form a part of the transaction, although they are not shown to have any direct connection with the homicide.

Declarations of third persons prior to the homicide are relevant where they are connected with the crime." (Wharton's Crim. Ev., Vol. 2, Sec. 920.)

See also Stanley v. State, 44 S. W. Rep. 519; Jeffries v. State, 9 Texas Crim. App. 598.

"Contemporaneous circumstances which tend to throw light on the homicide, or are a part of facts that are continuous in their nature, and have a connection with the homicide, are relevant on the prosecution." (Wharton's Crim. Ev., Vol. 2, Sec. 921.)

Under these rules, we think there was no error in the refusal to exclude the testimony in question.

The remaining bill complains of the proof that after the homicide the parties fled. We fail to discern any merit in this contention. The evidence was a part of the res gestae, and moreover, it is admissible under the well-known rule declaring evidence of flight relevant. Blake v. State, 3 Texas Crim. App. 586, and other cases collated in Branch's Ann. Tex. Penal Code, Sec. 135.

We find no complaint of the manner in which the issues were submitted to the jury in the charge of the court.

A motion for continuance was made to obtain the testimony of a witness by whom it was expected to prove threats made by the deceased against the appellant. The indictment was returned on October 25th, while appellant was under arrest. His case was twice postponed and finally tried on the 16th of December. Process for the witness was issued upon the 13th of December. Appellant was represented by attorneys throughout. The motion for new trial was supported by no affidavit of the witness. No bill of exceptions was reserved to the action of the court in refusing to continue. The record is affirmative to the effect that the deceased was unarmed and made no demonstration rendering the evidence of threat relevant. Irwin v. State, 43 Texas Reports, 241; Highsmith v. State, 41 Texas Crim. Rep. 32; Wright v. State, 40 Texas Crim. Rep. 449.

The diligence is insufficient. The application appears without merit. If the contrary were true, in the absence of bill of exceptions the discretion of the trial court in overruling the application cannot be reviewed upon appeal. Nelson v. State, 1 Texas Crim. App. 44; and other cases collated in Branch's Ann. Texas Penal Code, Sec. 304.

From what has been said it follows that the judgment must be affirmed, and it is so ordered.

*Affirmed.*